**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-MJ-06329-MCCABE**

UNITED STATES OF AMERICA,

     **Plaintiff,**

v.

PAUL ALPHA SHIRLEY,

     **Defendant.**

_____/

## PRETRIAL DETENTION ORDER

Pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, the Court held a hearing on June 24, 2026, to determine whether Defendant Paul Alpha Shirley should be detained prior to trial. Assistant United States Attorney Latoya Brown appeared on behalf of the Government. Federal Bureau of Investigation ("FBI") Special Agent Andrew Nelson appeared. Attorney Sashane McDonald appeared on behalf of Defendant, who was also present.

### A.  INTRODUCTION

Defendant is charged by Criminal Complaint with possession of a firearm or ammunition by an illegal or unlawful alien, in violation of 18 U.S.C. § 922(g)(5). DE 1. If convicted, he faces a maximum sentence of fifteen years' imprisonment. The Government moved under 18 U.S.C. § 3142(f)(1)(E), (2)(A) for Defendant's pretrial detention on the basis that no condition or combination of conditions will reasonably assure the safety of the community and his appearance as required.

### B.  FINDINGS OF FACT

During the hearing, the Court took judicial notice of the Criminal Complaint and the Pretrial Services Report. The Government proffered additional information on the record, Special Agent

Andrew Nelson testified under oath, and Defendant's girlfriend testified. The Court considered all of the evidence in making its findings.

### 1. The Government's Proffer

The Government proffered that the FBI's Miami office received an anonymous tip reporting that Defendant was a Jamaican national residing illegally in the United States and that he had fled Jamaica to avoid a murder charge. The tipster stated that Defendant lived in Deerfield Beach with his girlfriend. The tipster also stated that Defendant used his girlfriend's vehicle and that he possessed firearms, including a Taurus and an AK-15 or AK-style rifle.

Law enforcement discovered that Defendant entered the United States around April 4, 2023, and overstayed his O-2 nonimmigrant visa. Immigration and Customs Enforcement confirmed that Defendant was not granted, and never applied for, authorization to remain in the United States. Additionally, around June 17, 2026, law enforcement learned that Defendant posted images and videos of himself on social media with firearms while in the United States.

On the day Defendant was arrested, law enforcement surveilled him and witnessed him walking toward his girlfriend's vehicle. Law enforcement identified themselves and ordered Defendant to stop. He immediately stopped and complied with law enforcement's orders. As law enforcement detained Defendant, he admitted that he had a firearm on his person. Subsequent analysis revealed that the firearm was made in Brazil and entered Florida through foreign and interstate commerce. During a post-*Miranda* interview, Defendant admitted that he resided in the United States illegally and that he was not allowed to possess firearms. Defendant's estimated guideline range is 15 to 21 months following trial and 14 to 18 months following acceptance of responsibility.

### 2. Special Agent Nelson's Testimony

Special Agent Nelson adopted the Government's proffer as part of his testimony. Special Agent Nelson further testified that Defendant's girlfriend allowed law enforcement to search her

home. When law enforcement asked Defendant's girlfriend to identify the owner of a rifle in the living room, she stated that the rifle belonged to Defendant.

Special Agent Nelson also proffered that the anonymous tipster reported that Defendant and his girlfriend had domestic issues. Although Defendant was not combative or aggressive during his arrest and did not attempt to flee, he did have a weapon on his person. After law enforcement read Defendant the *Miranda* warnings, audio recording captured him admitting his illegal immigrant status and admitting that he was not legally allowed to possess firearms. Immigration records reflect that Defendant does not have permission to be in the United States.

### 3. Defendant's Girlfriend's Testimony

Defendant's girlfriend testified that she and Defendant married in March of 2026. She testified that Defendant is not a violent person toward her, that he has an eight-year-old child, and that she is pregnant with his child. Defendant's girlfriend also confirmed that his rifle was inside her living room on the day of his arrest and that he overstayed his visa.

### C. THE PARTIES' ARGUMENTS REGARDING DETENTION

The Government moved under 18 U.S.C. § 3142(f)(1)(E) and (2)(A) for pretrial detention on the basis that no condition or combination of conditions will reasonably assure: (1) the safety of the community, as Defendant poses a danger to the public; and (2) his appearance as required, as there is a serious risk that he will flee.

The Government argued in support of detention that law enforcement body camera footage shows officers removing a firearm from Defendant's person. Law enforcement also seized an AK-style rifle that belonged to Defendant. His social media shows him in the United States with various firearms. During a post-*Miranda* interview, Defendant admitted to being in the United States illegally and admitted that he was not allowed to possess firearms because of his illegal immigrant status. Special Agent Nelson confirmed those admissions as true. Defendant's immigration records

prove that he overstayed his visa and that there is a pending immigration detainer against him. He has no criminal history in the United States, has no steady employment, and was suspected of fleeing a murder charge in Jamaica.

Defense counsel argued in rebuttal that Defendant posed with firearms on social media because he worked in the music industry. He did not attempt to flee, nor was he combative with law enforcement during his arrest. He has familial ties to the Southern District of Florida, given that he has a child, is married, and has a pregnant wife. As Defendant does not pose a risk of flight or a danger to the community, defense counsel contended that the Court could impose an appropriate bond.

## D.  THE COURT'S CONCLUSIONS REGARDING DETENTION

The Court has considered the factors in 18 U.S.C. § 3142(g), the evidence, the parties' arguments, and the entire record. The Court concludes that Defendant should be detained pending trial for the reasons stated below and stated on the record during the hearing.

The nature and circumstances of the charged offense include that Defendant is charged by Criminal Complaint with possession of a firearm and ammunition by an illegal or unlawful alien. Based on what the Court heard, the evidence against Defendant is great. An anonymous tipster reported that Defendant owned a Taurus and an AK-style rifle. The tipster also stated that Defendant overstayed his visa. Defendant admitted to law enforcement that he was in the United States illegally and that he could not possess firearms due to his illegal immigrant status. His social media also depicts him with firearms.

Defendant's history and characteristics include an allegation that he fled a murder charge in Jamaica, but he has no felony convictions in the United States. The Court notes that he has a child and a wife and that his wife is expecting his child. However, the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release is great. Despite Defendant's illegal immigrant status prohibiting the possession of any firearm, he had a firearm during

4

his arrest and owned an AK-style rifle. The Court finds that Defendant poses a danger to the community. However, he does not pose a risk of flight, given that he has a child and a pregnant wife residing in the Southern District of Florida.

In conclusion, the Court finds that the Government did not carry its burden to show by a preponderance of the evidence that Defendant poses a risk of flight. However, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if he is released.

Accordingly, the Government's *ore tenus* Motion for Pretrial Detention [DE 8] is **GRANTED**. It is hereby **ORDERED** that Defendant Paul Alpha Shirley be remanded to the custody of the United States Marshals. The Court directs that he be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 30th day of June, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE